IN MANDAMUS
 MEMORANDUM DECISION
The Hoover Company filed this action in mandamus seeking a writ which compels the Ohio Bureau of Workers' Compensation ("BWC") to stop its efforts to collect handicap assessments under the terms of Ohio Adm. Code 4123-17-32. The Hoover Company also requests a finding that funds in the amount of $60,588.42 previously tendered be found to constitute full payment for handicap reimbursement assessments.
In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which contains detailed findings of fact and conclusions of law. The magistrate's decision includes a recommendation that we deny the requested writ.
The Hoover Company has filed objections to the magistrate's decision. The BWC has filed a memorandum contra. With leave of court, The Hoover Company has filed a reply memorandum. The case is now before the court for a full, independent review.
The first form of relief sought by The Hoover Company, namely a writ compelling a cessation of efforts to collect under the terms of Ohio Adm. Code 4123-17-32, has already been denied by the Supreme Court of Ohio in State ex rel. Hoover Co. v. Mihm (1996), 76 Ohio St.3d 619. We are not at liberty to ignore the action of the Ohio Supreme Court involving the same essential parties.
The second form of relief sought is a finding that the parties reached an accord and satisfaction when The Hoover Company tendered a check for $60,588.42 as a full and final settlement. The BWC negotiated the check.
The magistrate found that after the Supreme Court of Ohio rules on the merits of the claim, no bona fide dispute could exist such that an accord and satisfaction could occur. The Hoover Company objected to the finding based upon The Hoover's Company's assertion and this appellate court's finding that Ohio Adm. Code 4123-17-32 was illegally enacted. Counsel for the BWC has responded that a simple application of res judicata compels the finding by the magistrate.
The Hoover Company lost its final battle on its obligation to pay the full handicap reimbursement assessment claimed by the BWC back in 1994 when this court denied the requested writ. The Hoover Company lost the second battle and the war when the Supreme Court denied it relief in October of 1996. Nevertheless, The Hoover Company continued to fight. We agree with the magistrate that no bona fide dispute existed after the Supreme Court of Ohio ruled.
We overrule the objections to the magistrate's decision. We adopt the findings of fact and conclusions of law contained in the magistrate's decision and deny any requested writ of mandamus.
Objections overruled; writ denied.
DESHLER and PETREE, JJ., concur.